# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DUNCAN AVIATION, INC., | CIVIL ACTION NO.: 4:24-cv-3004 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| FLEXJET, LLC, | |
| Defendant. | |

This lawsuit is brought by Plaintiff, Duncan Aviation, Inc. ("Duncan") and asserts its claims for relief against Defendant, Flexjet, LLC ("Flexjet") which arise out of Flexjet's default and failure to make payments to Duncan as required by a series of written bailment agreements governing Flexjet's use of certain jet engines owned by Duncan. In support of its claims, Duncan states as follows:

## THE PARTIES

1. Duncan is a corporation organized and existing under the laws of the State of Nebraska. Duncan's headquarters and principal place of business is Lincoln, Lancaster County, Nebraska.

2. Flexjet is a limited liability company organized and existing under the laws of the state of Delaware. Flexjet's headquarters and principal place of business is in Richmond Heights, Ohio.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). The parties are citizens of different states, and

none are citizens of the same state.  Further, as described in more detail below, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

5. In addition, pursuant to a series of written Bailment Agreements (as that term is defined below), Duncan and Flexjet agreed to a Nebraska choice-of-law provision and a Nebraska forum-selection provision, and agreed to submit to the jurisdiction of courts sitting in Nebraska for purposes of enforcing and adjudicating their rights under the Bailment Agreements.

## BACKGROUND

6. Duncan is an aircraft maintenance and repair company established in 1956.

7. Flexjet is a fractional jet ownership company with a fleet of not less than two hundred and seventy private aircraft operating in the United States and internationally.

8. Duncan and Flexjet have an ongoing business relationship.  On a regular and ongoing basis, Flexjet utilizes Duncan for the service and repair of various aircraft within Flexjet's fleet of private aircraft.

9. Ancillary to its principal business of aircraft maintenance and repair, Duncan also owns certain aviation parts and equipment, including jet engines, which it at times makes available for use, lease, rental and/or bailment to certain of its customers.

10. Duncan and Flexjet entered into a series of written equipment bailment agreements wherein Duncan generally agreed to permit Flexjet to temporarily use jet engines owned by Duncan pursuant to the specific terms set forth in each of the individual equipment bailment agreements (hereinafter, these equipment bailment

agreements may be referred to individually as a "Bailment Agreement" and collectively as the "Bailment Agreements").

11. In particular, Duncan and Flexjet entered into the following written Bailment Agreements:

A. Bailment Agreement dated September 20, 2021 for Duncan's bailment of a TurboFan engine with the serial number P136751 to Flexjet for its use in a Challenger 350 Aircraft with serial number 20705 for the hourly operating charge of $2,349.81. On or about August 4, 2023, September 28, 2023, and October 30, 2023, Duncan and Flexjet entered into renewed agreements for the bailment of engine P136751, for the hourly rate of $2,349.81.

B. Bailment Agreement dated October 23, 2021 for Duncan's bailment of a TurboFan engine with the serial number P136196 to Flexjet for its use in a Challenger 350 Aircraft with serial number 20707 for the hourly operating charge of $2,214.95. On or about October 24, 2021, September 28, 2023, and October 30, 2023, Duncan and Flexjet entered into renewed agreements for the bailment of engine P136196, for the hourly rate of $2,349.81.

C. Bailment Agreement dated August 4, 2022 for Duncan's bailment of a TurboFan Engine with the serial number P118209 to Flexjet for its use in a Challenger 300 Aircraft with serial number 20272 for the hourly operating charge of $2,281.40. On or about August 6, 2022, September 28, 2023, and October 30, 2023, Duncan and Flexjet entered into renewed

agreements for the bailment of engine P118209 for the hourly rate of $2,349.81.

D. Bailment Agreement dated February 9, 2023 for Duncan's bailment of a TurboFan Engine with the serial number P136778 to Flexjet for its use in a Challenger 350 Aircraft with serial number 20578 for the hourly operating charge of $2,349.81.  On or about February 10, 2023, August 4, 2023, September 28, 2023, and October 30, 2023, Duncan and Flexjet entered into renewed agreements for the bailment of engine P136778 for the hourly rate of $2,349.81.

E. Bailment Agreement dated February 24, 2023 for Duncan's bailment of a TurboFan Engine with the serial number P118180 to Flexjet for its use in a Challenger 300 Aircraft with serial number 20056 for the hourly operating charge of $2,349.81.  On or about September 28, 2023 and October 30, 2023, Duncan and Flexjet entered into renewed agreements for the bailment of engine P118180 for the hourly rate of $2,349.81.

F. Bailment Agreement dated September 27, 2023 for Duncan's bailment of a TurboFan Engine with the serial number P118148 to Flexjet for its use in a Challenger 300 Aircraft with serial number 20236 for the hourly operating charge of $2,580.00.

G. Bailment Agreement dated October 24, 2021 for Duncan's bailment of a TurboFan Engine with the serial number P136383 to Flexjet for its use in a Challenger 350 Aircraft with serial number 20707 for the hourly operating charge of $2,214.95.

12. The plain language of the written Bailment Agreements described generally in Paragraph 11 above governs both parties' obligations related to Flexjet's use of each of Duncan's jet engines (collectively, the "Jet Engines") and governs Flexjet's various payment obligations related to the use of the same.

13. Between 2021 and the present date, Flexjet has possessed and/or utilized the Jet Engines pursuant to the Bailment Agreements, but Flexjet has failed to make payment to Duncan as required by the Bailment Agreements, including but not limited to both operating charges and finance charges.

14. Between March 30, 2021 and January 2, 2024, Duncan issued invoices to Flexjet (collectively, the "Invoices") for: (A) the amounts Flexjet owes Duncan for its possession and/or use of the Jet Engines pursuant to the Bailment Agreements in the aggregate amount of $13,201,487.87, and (B) related finance charges in the aggregate amount of $692,904.32, which continue to accrue.

15. A true and correct summary of Flexjet's unpaid Invoices as of December 31, 2023 is attached hereto as **Exhibit A** and is incorporated herein by this reference.

16. Flexjet's financial obligations to Duncan under the Bailment Agreements are continuing and increase with the passage of time pursuant to the plain language of the Bailment Agreements.

17. Flexjet did not and has not objected to the amounts it owes Duncan pursuant to the Bailment Agreements and as set forth on the Invoices, but has failed to make payment of the amounts it owes to Duncan.

## COUNT I
### (Breach of Contract)

18. Duncan incorporates by reference all prior paragraphs in this Complaint as if fully set forth herein.

19. Flexjet entered into the Bailment Agreements with Duncan and accepted all the terms and conditions set forth therein.

20. Duncan provided Flexjet with the possession and/or use of the Jet Engines in accordance with the terms and conditions set forth in the Bailment Agreements.

21. Duncan has performed all of the obligations it owes to Flexjet pursuant to the Bailment Agreements.

22. Flexjet willfully and intentionally breached the Bailment Agreements' terms, without cause, by failing to make payments when due to Duncan.

23. As a proximate result of Flexjet's breach of the Bailment Agreements, Duncan has been damaged.

## COUNT II
### (Quantum Meruit)

24. Duncan incorporates by reference all prior paragraphs in this Complaint as if fully set forth herein.

25. In the alternative to its claim for breach of contract, Duncan alleges that Flexjet is liable under the doctrine of quantum meruit.

26. Duncan provided valuable goods and/or services to Flexjet by allowing Flexjet to possess and use the Jet Engines.

27. Flexjet requested that Duncan allow it to possess and use the Jet Engines, and accepted possession of the Jet Engines from Duncan.

28. Flexjet was reasonably notified that Duncan expected to be paid for the possession and use of the Jet Engines.

29. Flexjet is therefore obligated to pay Duncan for the reasonable value of the possession and use of the Jet Engines, in an amount not less than $13,894,392.19.

30. Duncan is entitled to an award of pre-judgment interest at the statutory rate of 12.00% in accordance with NEB. REV. STAT. § 45-104 and as otherwise provided by law.

## COUNT III
### (Unjust Enrichment)

31. Duncan incorporates by reference all prior paragraphs in this Complaint as if fully set forth herein.

32. Duncan conferred a benefit on Flexjet by allowing Flexjet to possess and use the Jet Engines.

33. Flexjet knew Duncan was conferring a benefit on it by allowing Flexjet to possess and use the Jet Engines.

34. Flexjet accepted the benefit Duncan provided it, and it would be inequitable for Flexjet to retain the benefit without paying Duncan the reasonable value of its possession and use of the Jet Engines.

35. Flexjet is therefore obligated to pay Duncan for the reasonable value of the possession and use of the Jet Engines, in an amount not less than $13,894,392.19.

36. Duncan is entitled to an award of pre-judgment interest at the statutory rate of 12.00% in accordance with NEB. REV. STAT. § 45-104 and as otherwise provided by law.

## COUNT IV
### (Account Stated)

37. Duncan incorporates by reference all prior paragraphs in this Complaint as if fully set forth herein.

38. Flexjet promised to pay Duncan a stated sum of money as more fully set forth in the Invoices.

39. The Invoices Duncan sent to Flexjet generated an account that Flexjet owed to Duncan (the "Account").

40. Flexjet accepted Duncan's Invoices as correct, and they now constitute Flexjet's obligations on the Account.

41. Flexjet promised to pay all sums due and owing on the Account to Duncan.

42. The amount Flexjet owes Duncan on its Account is not less than $13,894,392.19, plus interest of 12.00% per year pursuant to NEB. REV. STAT. § 45-104.

## RELIEF REQUESTED

WHEREFORE, Duncan respectfully requests a judgment in its favor, and against Flexjet and that the Court award it:

a) Damages, including unpaid bailment fees and finance charges, in an amount according to proof but no less than $13,894,392.19 for the unpaid fees Flexjet owes to Duncan pursuant to the Bailment Agreements;

b) Pre-judgment and post-judgment interest;

c) The costs of this action; and

d) Other relief the Court considers appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff respectfully demands a trial by jury in Lincoln, Nebraska.

Dated this 5th day of January, 2024.

        DUNCAN AVIATION, INC., Plaintiff,

By: /s/Lindsay K. Lundholm
Lindsay K. Lundholm (NE# 22224)
Brandon R. Tomjack (NE# 22981)
Brian Bartmettler (NE# 27017)
of BAIRD HOLM LLP
1700 Farnam Street
Suite 1500
Omaha, NE  68102-2068
Phone: 402.344.0500
Fax: 402.344.0588
Email: llundholm@bairdholm.com
Email: btomjack@bairdholm.com
Email: bbarmettler@bairdholm.com